UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

GARY COLE,

    Plaintiff,

v.                                  CIVIL ACTION NO. 5:22-cv-00529

LOGAN CHRISTIAN,
JUSTIN WARD,
DARIN MCGLOTHLIN,
WALMART INC., and
WAL-MART ASSOCIATES, INC.,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending is Defendant Justin Ward's motion to dismiss, filed December 29, 2022. [Doc. 13]. The matter is ready for adjudication.

**I.**

Plaintiff Gary Cole instituted this action against the Defendants on November 18, 2022, alleging constitutional and common law claims. [Doc. 1]. According to Mr. Cole, he was employed for 26 years by Defendants WalMart Inc. and Wal-Mart Associates, Inc. (collectively, "Wal-Mart") in Beckley. *Id.* ¶ 8. On July 17, 2021, after completing his shift, Mr. Cole claims that while attempting to call his wife, he accidentally took a picture of a woman and her daughter with his phone. *Id.* ¶¶ 15-18, 23. However, because he did not realize this fact until later, when the woman asked him if he had taken a picture, Mr. Cole responded that he had not. *Id.* ¶¶ 19-21. After

realizing his mistake, Mr. Cole later deleted the picture. *Id.* ¶ 23.

The next day, Defendant Walmart supervisor Darin McGlothlin escorted Mr. Cole to the Asset Protection Office during his shift. *Id.* ¶ 24. The two were there joined by Defendants Logan Christian and Justin Ward, police officers with the Beckley Police Department, and Brittney Jones, the lead associate at the Wal-Mart store. *Id.* ¶ 25. Officer Christian accused Mr. Cole of being a pedophile and a pervert. *Id.* ¶ 26. Following questions about taking pictures of women and young girls, *id.* ¶¶ 27-32, Officer Christian allegedly took Mr. Cole's phone and located the deleted picture from the previous day, *id.* ¶ 33.

After informing Mr. Cole that the young girl in the picture was his niece, *id.* ¶ 34, Officer Christian allegedly placed his hands on Mr. Cole's collar and vest and pushed him against a chair and the wall, *id.* ¶ 35. Mr. Cole claims Officer Christian then abruptly and forcefully handcuffed him without explanation and led him out of the Wal-Mart by the chain of the handcuffs, causing him great pain. *Id.* ¶¶ 38-42. Once at the Beckley Police Department, Mr. Cole alleges that multiple people accused him of being a pedophile and a pervert. *Id.* ¶ 49. After being processed, Mr. Cole was transported to Southern Regional Jail. *Id.* ¶ 50.

Later that evening, Mr. Cole's wife contacted the jail and learned that her husband was being charged with public intoxication and obstructing an officer. *Id.* ¶ 53, 57. Mr. Cole claims to have learned about the charges only after speaking with his wife. *Id.* ¶ 55-56. Mr. Cole requested and received a drug test. *Id.* ¶ 58-59. While being released on bond that night, Mr. Cole was informed that the test showed no drugs or alcohol in his system. *Id.* ¶¶ 60-62. Mr. Cole and his wife subsequently obtained a second drug test from Beckley Appalachian Regional Hospital, which again showed no signs of drug or alcohol use. *Id.* ¶¶ 65-66.

Officer Christian claimed in his report he was responding to an intoxicated male,

and that Mr. Cole was extremely impaired on narcotics and uncooperative. *Id.* ¶¶ 70-71, 76. Mr. Cole contends Mr. McGlothlin reported that false information to Officer Christian. *Id.* ¶¶ 74-75. Mr. Cole denies being intoxicated or uncooperative. *Id.* ¶¶ 77-79. Nevertheless, after a suspension and investigation, *id.* ¶ 81, Wal-Mart terminated Mr. Cole on July 30, 2021, *id.* ¶ 82. On October 8, 2021, the charges against Mr. Cole were dismissed. *Id.* ¶ 87. His cell phone, however, was not returned to him until December 6, 2021. *Id.* ¶¶ 87-94.

As a result of these events, Mr. Cole has raised seven claims for relief against the Defendants: (1) excessive force pursuant to 42 U.S.C. § 1983 against Officer Christian; (2) unlawful search and seizure pursuant to 42 U.S.C. § 1983 against Officers Christian and Ward; (3) unlawful detainment pursuant to 42 U.S.C. § 1983 against Officers Christian and Ward; (4) battery against Officer Christian; (5) assault against Officer Christian; (6) tortious interference against Officers Christian and Ward and Mr. McGlothlin; and (7) civil conspiracy against all Defendants. *Id.* ¶¶ 99-141. Mr. Cole seeks damages for physical and mental pain and suffering, lost wages and benefits, indignity, embarrassment, humiliation, annoyance, and inconvenience and punitive damages as well as prejudgment interest and attorney fees and costs. *Id.* at 12-20.

On December 29, 2022, Officer Ward moved to dismiss Claims Two, Three, Six, and Seven. [Doc. 13]. He contends Mr. Cole failed to sufficiently plead the claims. [Doc. 14 at 4-5, 5-6]. Alternatively, he asserts any Eighth Amendment claims must be dismissed inasmuch as Mr. Cole was never convicted of any crime. *Id.* at 5. Mr. Cole responds that he has properly pleaded his claims. [Doc. 15 at 9-13].

## II.

*Federal Rule of Civil Procedure* 8(a)(2) requires that a pleader provide "a short and

plain statement of the claim showing . . . entitle[ment] to relief." Fed. R. Civ. P. 8(a)(2); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Rule 12(b)(6) correspondingly permits a defendant to challenge a complaint when it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

The required "short and plain statement" must provide "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted); *see McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015). Additionally, the showing of an "entitlement to relief" amounts to "more than labels and conclusions." *Twombly*, 550 U.S. at 555. It is now settled that "a formulaic recitation of the elements of a cause of action will not do." *Id.*; *see McCleary-Evans*, 780 F.3d at 585; *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 616 (4th Cir. 2020); *Giarratano v. Johnson*, 521 F.3d 298, 304 (4th Cir. 2008).

The complaint need not "forecast evidence sufficient to prove the elements of [a] claim," but it must "allege sufficient facts to establish those elements." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citing *Robertson v. Sea Pines Real Est. Cos.*, 679 F.3d 278, 291 (4th Cir. 2012)) (internal quotation marks omitted). Stated another way, the operative pleading need only contain "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (noting the opening pleading "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). In sum, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see Robertson*, 679 F.3d at 288.

Furthermore, as noted in *Iqbal*, the Supreme Court has consistently interpreted the

Rule 12(b)(6) standard to require a court to "accept as true all of the factual allegations contained in the complaint." *Erickson*, 551 U.S. at 94 (citing *Twombly*, 550 U.S. at 555-56); *see also S.C. Dep't of Health & Env't Control v. Com. & Indus. Ins. Co.*, 372 F.3d 245, 255 (4th Cir. 2004) (citing *Franks v. Ross*, 313 F.3d 184, 192 (4th Cir. 2002)). The court is required to "draw[] all reasonable . . . inferences from those facts in the plaintiff's favor." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999).

### III.

#### *A. Unlawful Search and Seizure and Unlawful Detainment*

Officer Ward first seeks dismissal of the claims for unlawful search and seizure and unlawful detainment. The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. "'A warrantless search [or seizure] by the police is invalid unless it falls within one of the narrow and well-delineated exceptions' to the Fourth Amendment's warrant requirement." *United States v. Davis*, 997 F.3d 191, 195 (4th Cir. 2021) (quoting *United States v. Ferebee*, 957 F.3d 406, 418 (4th Cir. 2020)); *see United States v. Brown*, 701 F.3d 120, 126 (4th Cir. 2012) (citing *Katz v. United States*, 389 U.S. 347, 357 (1967)) (discussing standard with respect to seizures). That requirement provides that "no Warrants shall issue, but upon probable cause." U.S. Const. amend. IV.

There are just two factual allegations mentioning Officer Ward, the first relating to his law enforcement status and the second alleging his presence in the Asset Protection Office. [Doc. 1 ¶¶ 4, 25]. While Mr. Cole also asserts generally "[t]he defendants Logan Christian and Justin Ward violated [his] constitutional rights . . . by unlawfully detaining [him] on July 18, 2021,"

*id.* ¶ 120, that conclusory allegation is insufficient. The complaint lacks any factual allegations Officer Ward searched or seized Mr. Cole's phone or arrested him. Consequently, even accepting "as true all of the factual allegations contained in the complaint," *Erickson*, 551 U.S. at 94 (citing *Twombly*, 550 U.S. at 555-56), Mr. Cole has not sufficiently pled as to Officer Ward his unlawful search and seizure and unlawful detainment claims.

### B. Tortious Interference

Officer Ward next moves to dismiss Mr. Cole's claim for tortious interference with his employment relationship. To establish a prima facie case for tortious interference under West Virginia law, a plaintiff must show "(1) existence of a contractual or business relationship or expectancy; (2) an intentional act of interference by a party outside that relationship or expectancy; (3) proof that the interference caused the harm sustained; and (4) damages." *Tiernan v. Charleston Area Med. Cntr., Inc.*, 506 S.E.2d 578, 591-92, 203 W. Va. 135, 148-49 (1998) (quoting Syl. Pt. 2, *Torbett v. Wheeling Dollar Sav. & Trust Co.*, 314 S.E.2d 166, 173 W. Va. 210 (1983)). "If a plaintiff makes a prima facie case, a defendant may prove justification or privilege, affirmative defenses." *Id.* at 592, 203 W. Va. at 149 (quoting Syl. Pt. 2, *Torbett*, 314 S.E.2d 166, 173 W. Va. 210).

Mr. Cole has failed to allege "enough facts to state a claim [for tortious interference] that is plausible on its face." *Twombly*, 550 U.S. at 570. For example, he fails to allege Officer Ward committed "an intentional act of interference" against his "relationship or expectancy." *Tiernan*, 506 S.E.2d at 592, 203 W. Va. at 149 (quoting Syl. Pt. 2, *Torbett*, 314 S.E.2d 166, 173 W. Va. 210). Mr. Cole has failed to properly plead a claim for tortious interference against Mr. Ward.

*C. Civil Conspiracy*

Finally, Officer Ward seeks dismissal of Mr. Cole's claim for civil conspiracy. Under West Virginia law, "[a] civil conspiracy is a combination of two or more persons by concerted action to accomplish an unlawful purpose or to accomplish some purpose, not in itself unlawful, by unlawful means." Syl. Pt. 8, *Dunn v. Rockwell*, 689 S.E.2d 255, 225 W. Va. 43 (2009). Given that "[t]he cause of action is not created by the conspiracy but by the wrongful acts done by the defendants to the injury of the plaintiff, *id.*, "[a] civil conspiracy is not a *per se*, stand-alone cause of action," Syl. Pt. 9, *id.* Rather, "it is . . . a legal doctrine under which liability for a tort may be imposed on people who did not actually commit a tort themselves but who shared a common plan for its commission with the actual perpetrator(s)." *Id.*

Mr. Cole alleges that the Defendants' civil conspiracy had two unlawful purposes: (1) "terminating [his] employment based on false information," and (2) "unlawfully detaining [him]." [Doc. 1 ¶ 137]. But the complaint lacks specific allegations against Officer Ward. Foremost, with respect to the concerted action requirement, the factual allegations fail to establish that he "shared the same conspiratorial objective and mutual agreement" as other alleged conspirators. *Ash v. Allstate Inc. Co.*, No. 12-1533, 2013 WL 5676774, at *5 (W. Va. 2013) (citing *Wenmoth v. Duncan*, No. 3:08-CV-182, 2009 WL 2707579 (N.D. W. Va. Aug. 26, 2009)). Mr. Cole has thus insufficiently pled against Officer Ward a civil conspiracy claim.

V.

Based upon the foregoing, the Court **GRANTS** Mr. Ward's motion to dismiss [Doc. 13], and **DISMISSES** Claims Two, Three, Six, and Seven against Mr. Ward **WITHOUT PREJUDICE**. Mr. Cole may amend his complaint on or before September 1, 2023.

The Court **DIRECTS** the Clerk to transmit a copy of this written opinion and order to counsel of record and any unrepresented party.

ENTER: August 9, 2023

Frank W. Volk
United States District Judge