UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT BECKLEY

GARY COLE

        Plaintiff,

v.                                                                  CIVIL ACTION NO. 5:22-cv-00529

LOGAN CHRISTIAN,
JUSTIN WARD, *a police officer for
the City of Beckley*,
DARIN MCGLOTHLIN, *asset protection
Manager at WalMart, Inc.*;
WALMART INC., *a Delaware Corporation*;
and WAL-MART ASSOCIATES, INC.,
*a Delaware Corporation*,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending are Plaintiff Gary Cole's Motion to Amend Amended Complaint [ECF 101], and Motion to Correct Motion to Amend Amended Complaint [ECF 102], both filed December 4, 2023. Defendants Darin McGlothlin, Walmart Inc., and Walmart Associates, Inc. (together, "Walmart") filed their Response in Opposition [ECF 113], December 14, 2023. Mr. Cole replied on December 21, 2023. [ECF 120]. The matter is ready for adjudication.

**I.**

Mr. Cole instituted this action on November 18, 2022. On April 3, 2023, the Court entered its Scheduling Order. [ECF 36]. The deadline for the parties to amend the pleadings was May 1, 2023. The discovery deadline was November 11, 2023, with September 29, 2023, as the last date to serve discovery requests. The deadline for filing dispositive motions was December 4,

1

2023. By Memorandum Opinion and Order entered on August 9, 2023, Mr. Cole was permitted to amend his complaint on or before September 1, 2023. [ECF 76]. Mr. Cole filed his Motion to Amend the Complaint on September 1, 2023. [ECF 79]. The Court granted his Motion to Amend the Complaint on October 12, 2023. [ECF 85]. On October 11, 2023, the Court also granted a Joint Motion to Modify the Scheduling Order extending the discovery deadline to November 20, 2023. [ECF 84]. The dispositive motion deadline did not change.

Mr. Cole now seeks to amend his amended complaint to include two spoliation of evidence claims against Mr. McGlothlin and Walmart based on their failure to preserve video evidence of Mr. Cole inside Walmart on July 17 and July 18, 2021. Mr. McGlothlin and Walmart assert that Mr. Cole has not exercised the due diligence required to amend his complaint following passage of the deadlines in the scheduling order. Fed. R. Civ. P. 16(b)(4). However, if due diligence is found, Mr. McGlothlin and Walmart contend the amendment is prejudicial and futile.

## II.

"[A]fter the deadlines provided by a scheduling order have passed, the good cause standard must be satisfied to justify leave to amend the pleadings. *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008). If the good cause of standard of Rule 16(b) has been satisfied, movant must satisfy the tests for amendment under Rule 15(a). *See id.* at 298. Though "leave to amend a complaint should be 'freely give[n] ... when justice so requires,' Fed.R.Civ.P. 15(a)(2), 'after the deadlines provided by a scheduling order have passed, the good cause standard [of Fed.R.Civ.P. 16] must be satisfied to justify leave to amend the pleadings'" *RFT Mgmt. Co., LLC v. Powell*, 607 F. App'x 238, 242 (4th Cir. 2015) (quoting *Nourison Rug Co. v. Parvizian*, 535 F.3d 295, 298 (4th Cir.2008)).

"Rule 16(b)'s good cause standard focuses on the timeliness of the amendment and the reasons for its tardy submission; the primary consideration is the diligence of the moving party." *Montgomery v. Anne Arundel Cnty., Maryland*, 182 F. App'x 156, 162 (4th Cir. 2006).

> Good cause requires the party seeking relief to show that the deadlines cannot reasonably be met despite the party's diligence, and whatever other factors are also considered, the good-cause standard will not be satisfied if the district court concludes that the party seeking relief (or that party's attorney) has not acted diligently in compliance with the schedule.

*Cook v. Howard*, 484 F. App'x 805, 815 (4th Cir. 2012) (internal citations omitted).

Pursuant to *Rule* 15(a) "leave to amend a pleading shall be freely given 'when justice so requires.'" *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986). Our Court of Appeals has "interpreted Rule 15(a) to provide that 'leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (citing *Johnson*, 785 F.2d at 509). "Whether an amendment is prejudicial will often be determined by the nature of the amendment and its timing." *Id.* at 427. A proposed amendment is futile when it is "clearly insufficient or frivolous on its face." *Save Our Sound OBX, Inc. v. N. Carolina Dep't of Transportation*, 914 F.3d 213, 228 (4th Cir. 2019) (quoting *Johnson*, 785 F.2d at 510). "A proposed amendment is also futile if the claim it presents would not survive a motion to dismiss." *Id.* (citing *Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995)).

### III.

**A.** *Rule* **16(b)**

At the center of the Mr. Cole's Motion to Amend is the preservation of evidence letter sent to Ed Skaggs, the manager of Walmart on August 3, 2021, less than a month after Mr. Cole's arrest in Walmart. Counsel for Mr. Cole mailed and faxed the preservation letter to Mr.

Skaggs at the Walmart store's address and fax number. [ECF 101 ¶ 5]. The preservation of evidence letter requested Walmart retain and preserve "[a]ny and all security footage/surveillance video recordings featuring images or footage of Gary Cole from July 17, 2021 and July 18, 2021." [ECF 101-4]. On August 10, 2021, Walmart was served a subpoena in relation to the pending criminal charges against Mr. Cole requesting production of the same. [ECF 101-1].

By interrogatories and requests for production sent to Walmart on April 5, 2023, Mr. Cole requested "[a]ny and all recordings of the plaintiff from July 17 and 18, 2021 including but not limited to, surveillance video footage, cell phone video footage, body camera footage, and any other recordings, etc." [ECF 101-7–8]. On May 26, 2023, in response, Mr. Cole received four videos from Walmart's security cameras from July 17 and 18, 2021. [ECF 101 ¶ 7]. Two of the videos depict Mr. Cole after his shift on July 17, 2021, shopping in the store; one depicts Mr. Cole exiting the front doors on July 17, 2021, and one shows Mr. Cole's arrest in Walmart's Asset Protection office on July 18, 2021. *Id.*

On June 21, 2023, less than one month after receipt of the four videos, counsel for Mr. Cole alerted Walmart's counsel of the preservation of evidence letter sent August 3, 2021. [ECF 120 at 2]. Counsel also requested to depose Mr. Skaggs on the same day as Mr. McGlothlin. *Id.* Counsel for Mr. Cole followed up with Walmart's counsel on August 1, 2023, specifically (1) asking if other video footage specified in the preservation letter existed and (2) for a date to depose Mr. Skaggs. [ECF 120 at 2, 102-2]. Mr. Cole's counsel received no response from Mr. McGlothlin and Walmart's counsel regarding the existence of other video footage. [ECF 120 at 2]. Mr. Skaggs' deposition was scheduled for October 11, 2023. *Id.*

In the interim, Mr. McGlothlin was deposed on September 25, 2023. *Id.* at 3. He confirmed that an additional three to five-seconds of video footage existed and depicted a

handcuffed Mr. Cole being taken from the Asset Protection office inside Walmart to the front entrance. [ECF 113-6 at 5, 9]. Mr. McGlothlin stated he saw the additional video footage of Mr. Cole in Walmart on July 17 or 18, 2021, but the clip was not preserved. [ECF 113-6 at 4]. When asked why the video was not burned to a disk, he stated "[t]he portions of video that I requested to be put on disk [was] what I felt pertinent at the time." [ECF 113-6 at 4]. Additionally, when addressing why the video footage was not preserved, Mr. McGlothlin stated "[i]t wasn't deemed necessary at the time, in my personal opinion." [ECF 101-9 at 5]. As to the subpoena and preservation of evidence letter, Mr. McGlothlin could not recall under what circumstance he saw the preservation of evidence letter but did recall seeing a request for retention in August 2021. [ECF 101 at 4, 101-9 at 6]. Mr. McGlothlin forwarded the request onto the legal department within Walmart corporate and does not recall receiving a response. *Id.* It is Walmart policy that video footage is stored for thirty days and after that it "self-deletes." [ECF 101 at 5, ECF 101-9 at 2].

    Four days following Mr. McGlothlin's deposition, and on the written discovery deadline, Mr. Cole served two requests for admission upon Walmart. [ECF 120 at 3]. Mr. Cole requested Walmart admit that it received (1) a criminal case subpoena requesting production of video footage, and (2) a preservation letter to retain the same. [ECF 120-6]. Walmart responded on October 30, 2023, admitting to receipt of the criminal subpoena and denying receipt of the preservation letter. [ECF 120 at 3]. Following the cancellation of Mr. Skaggs' previously scheduled deposition on October 9, 2023, due to illness, he was finally deposed on November 14, 2023. *Id.* Mr. Skaggs confirmed the address and fax number of the Walmart store. [ECF 101 at 2]. He denied ever seeing the preservation letter. [ECF 101-6 at 3]. Seized of the belief that additional video footage of Mr. Cole existed – but was destroyed – for the dates specified in the preservation

5

letter, Mr. Cole moved to amend his amended complaint following Mr. Skaggs' deposition and the close of discovery.

Defendants assert that Mr. Cole knew of potential spoliation as early as May when he only received four videos through written discovery; alternatively, it asserts that knowledge existed following Mr. McGlothlin's deposition. Walmart thus asserts the amendment is untimely inasmuch as Mr. Cole inexcusably delayed at much as six months – and at a minimum ten weeks – to seek the amendment. But Mr. McGlothlin and Walmart omit mention of Mr. Cole's August 1, 2023, email inquiring about additional video footage that went without a response from Walmart's counsel.

Though Mr. Cole moves to amend his complaint past the deadline provided in the scheduling order, the actions undertaken during discovery show counsel diligently and timely pursued the existence of additional video footage and that Mr. Cole's counsel tried to schedule Mr. Skaggs' deposition as early as June. Therefore, Mr. Cole has satisfied the good cause standard under *Rule* 16(b).

**B.** *Rule* **15(a)**

Mr. Cole now must satisfy the test for amendment under *Rule* 15(a). Mr. McGlothlin and Walmart allege amendment of Mr. Cole's amended complaint would be prejudicial as the Motion to Amended the Amended Complaint was filed on the deadline for dispositive briefing and discovery had closed two weeks prior. As such Mr. McGlothlin and Walmart contend, they would be prejudiced by the inability to conduct discovery regarding the two additional spoliation claims and would be precluded from pursuing summary judgment on the

claims. Mr. McGlothlin and Walmart also allege the amendment would be futile as Mr. Cole's claims for spoliation would not survive a motion to dismiss.

### 1. Prejudice

Mr. McGlothlin and Walmart cite to various district courts within our Circuit and an unpublished opinion where our Court of Appeals upheld a district court's denial of a motion to amend the complaint following the completion of discovery and when the case was "ripe for summary judgment." *Skinner v. First Am. Bank of Virginia*, 64 F.3d 659 (4th Cir. 1995) (unpublished). In *Skinner* the court reasoned that had a motion to amend been granted the defendants would have been prejudiced due to the time and expense incurred in preparation for summary judgment. 64 F.3d 659 at *3. Here, the prejudices alleged by Mr. McGlothlin and Walmart, specifically the inability to conduct discovery and brief the issues for summary judgment, are ameliorated by amendment of the Scheduling Order to permit additional discovery and to refile their motions for summary judgment for briefing on the claims of spoliation. Furthermore, Mr. Cole filed his motion to amend on the deadline for dispositive motions, 113 days before the trial date of March 26, 2024.

### 2. Futility

"West Virginia recognizes intentional spoliation of evidence as a stand-alone tort when done by either a party to a civil action or a third party." Syl. Pt. 9, *Hannah v. Heeter*, 213 W. Va. 704, 707, 584 S.E.2d 560, 563 (2003). West Virginia also "recognizes spoliation of evidence as a stand-alone tort when the spoliation is the result of the negligence of a third party, and the third party had a special duty to preserve the evidence." *Id.* Syl. Pt. 5.

To avoid futility, Mr. Cole is required to plead "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" to survive a motion to dismiss. *Ashcroft*

*v. Iqbal*, 556 U.S. 662, 678 (2009); *Save Our Sound OBX, Inc.*, 914 F.3d at 228 (4th Cir. 2019). He has done so as to his spoliation claims. Having considered the remaining futility and related contentions, they are not meritorious.

Additional factual development is warranted on (1) Defendants' assertions Mr. McGlothlin did not intentionally destroy the video footage, (2) Mr. Cole's reliance on the missing footage to support his excessive force claim.

Accordingly, the Court **FINDS** that good cause existed for Mr. Cole to amend his amended complaint and further **FINDS** the prejudice alleged by Mr. McGlothlin and Walmart are remedied by amending the Scheduling Order.

### IV.

The Court **GRANTS** Mr. Cole's Motion to Amended the Amended Complaint [ECF 101], and Mr. Cole's Motion to Correct [ECF 102], **DIRECTS** the Clerk to file the Second Amended Complaint [ECF 102-1], **DENIES AS MOOT** Officer Christian's Motion for Partial Summary Judgment [ECF 105], Officer Ward's Motion for Summary Judgment [ECF 110], and Mr. McGlothlin and Walmart's Motion for Summary Judgment [ECF 103], subject to refiling in accordance with the schedule set forth below. The Court **GRANTS** Mr. McGlothlin and Walmart's Motion to Seal [ECF 109] and Mr. Cole's Motion to File Document Under Seal [ECF 117] and **PROVISIONALLY SEALS** the requested exhibits. However, if the exhibits are to be included in the parties' renewed motions for summary judgment, the parties shall make the requisite showing for sealing at that juncture, understanding the strong preference for redaction instead.

The schedule is **AMENDED** as follows:

| Deadline | Date |
|---|---|
| Last date to serve discovery requests | 03/25/2024 |
| Opening Rule 26 expert disclosures | 03/11/2024 |
| Responsive Rule 26 expert disclosures | 04/08/2024 |
| Rebuttal Rule 26 expert disclosure | 04/24/2024 |
| Discovery to close | 05/08/2024 |
| Dispositive motions deadline | 05/28/2024 |
| Response to dispositive motion | 06/11/2024 |
| Reply to response to dispositive motion | 06/18/2024 |
| Settlement meeting | 07/29/2024 |
| Motion in limine deadline | 08/05/2024 |
| Responses for motions in limine | 08/12/2024 |
| Proposed pretrial order to defendant | 08/02/2024 |
| Integrated pretrial order | 08/09/2024 |
| Pretrial conference | 08/23/2024 10:30 AM |
| Proposed jury charge | 09/09/2024 |
| Final settlement conference | 09/13/2024 11:30 AM |
| Civil Jury Trial | 09/17/2024 9:00 AM |

Apart from the modified dates and directives contained herein, the requirements and directives of the previously operative scheduling order(s) remain in full force and effect.

The Clerk is directed to transmit copies of this order to all counsel of record and any unrepresented parties.

ENTERED:    January 24, 2024



Frank W. Volk
United States District Judge